# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARNELL JAMAR NASH, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-06-051-RAW |
| | ) (Underlying case CR-02-75) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## ORDER

Before the Court is the motion of the petitioner for relief pursuant to 28 U.S.C. §2255. Upon review, the Court concludes an evidentiary hearing is not necessary. The background is related in the Tenth Circuit's opinion in *United States v. Nash*, 2005 WL 226248 (10th Cir.), which dealt with petitioner's direct appeal. Briefly, petitioner pled guilty under a plea agreement which contained a set sentence of 22 years. The plea agreement also contained a waiver of appeal and of collateral challenge. Subsequently, petitioner filed a motion to withdraw guilty plea, which was denied by Judge Payne of this Court.

Petitioner appealed the district court's ruling, and the Tenth Circuit enforced the appellate waiver and dismissed the appeal. In so doing, the Tenth Circuit affirmed the district court's factual findings, which rejected petitioner's allegations that his plea was not knowing and voluntary. Petitioner has now filed the present motion.

Petitioner raises four issues in his petition. First, he asserts that his trial counsel gave ineffective assistance by advising petitioner to accept the plea agreement. The two-part test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984) applies to challenges to guilty pleas

based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 59.

As noted, the plea agreement contains a waiver of the right to bring a §2255 motion. The Tenth Circuit has held that "a plea agreement waiver of post-conviction rights does not waive the right to bring a §2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir.2001).

Therefore, petitioner's claim of ineffective assistance of counsel survives the plea agreement waiver. The claim does not, however, survive the fact that the Tenth Circuit concluded on appeal that petitioner had failed to meet his burden of showing that his guilty plea was not knowing or voluntary. The appellate court enforced the waiver and dismissed the appeal. Because the present claim of ineffective assistance is based upon the advice of counsel purportedly rendering the plea agreement involuntary, the claim is hereby denied[1].

The second issue raised is that the district court accepted petitioner's plea of guilty in violation of Rule 11 F.R.Cr.P. Again, this issue is subsumed in the fact that the district court denied petitioner's motion to withdraw guilty plea and the ruling was affirmed by the Tenth

---

[1] To the extent petitioner alleges ineffective assistance outside the category of the voluntariness of the plea or waiver, they have been waived, as *Cockerham* indicates.

2

Circuit. Joined in this second issue is an allegation of ineffective assistance of counsel by <u>appellate</u> counsel. The Tenth Circuit opinion reflects that petitioner's appellate counsel filed an "*Anders* brief", i.e.., one that certifies there are no nonfrivolous issues for appeal. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir.2005). "The mere filing of an *Anders* brief cannot form the basis for a claim of ineffective assistance of counsel . . . ." *United States v. Martinez-Lomeli*, 86 F.3d 1167 (10th Cir.1996)(unpublished). In any event, this Court concludes appellate counsel was correct regarding lack of meritorious issues and thus the *Strickland* test is not satisfied.

Moreover, this Court is persuaded such a claim is precluded by the waiver contained in the plea agreement. The claim is outside the category dealing with voluntariness of the plea or waiver itself, and thus is waivable under *Cockerham*. *See also Rosa v. United States*, 170 F.Supp.2d 388, 408 (S.D.N.Y.2001)("The same principle bars him from seeking to avoid the effect of his agreement by recasting his claim as an ineffective assistance of [appellate] counsel claim").

In the third issue, petitioner contends he was rendered ineffective assistance of counsel at his sentencing. The Tenth Circuit opinion herein states: "the district court overruled the defendant's objections to the presentence report. . . ." It is difficult to see how any objection would have made a difference, inasmuch as the plea agreement contained an agreed-to sentence of 22 years. In order to establish an ineffective assistance claim sufficient to warrant reversal of a conviction or a sentence, a convicted defendant must show both that counsel's performance was so seriously deficient as to fall below an objective standard of

3

reasonableness, and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Petitioner has failed to meet this standard.

Finally, petitioner argues that the sentencing court violated then-Rule 32(c)(3)(D) F.R.Cr.P. by failing to make a finding as to his objections[2]. Once again, this is an attempt to raise an issue which is barred by the plea agreement waiver. This claim will also be denied.

It is the Order of the Court that the motion of the petitioner is hereby DENIED.

**ORDERED THIS 19th DAY OF JULY, 2006.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2]There is no Rule 32(c)(3)(D) under the present Rules. A similar present provision is Rule 32(i)(3)(B).