# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

DARNELL JAMAR NASH, )
 )
    Petitioner, )
 )
v. ) Case No. CIV-06-051-RAW
 ) (Underlying case CR-02-75)
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## ORDER

Before the court is the motion of the petitioner to vacate pursuant to Rule 60(b) F.R.Cv.P. Petitioner pled guilty to one count of an indictment and was sentenced. His direct appeal was dismissed based upon a valid appellate waiver. *See United States v. Nash,* 120 Fed.Appx. 770 (10th Cir.2005). His appeal from this court's denial of his §2255 motion was likewise dismissed. *See United States v. Nash,* 229 Fed. Appx. 700 (10th Cir.2007). In the pending motion, defendant asserts this court's order denying his previous §2255 motion "rests on a defective foundation when the merits or alleged grounds presented were not adequately and properly addressed."

A Rule 60(b) motion filed in a §2255 proceeding may be a "true" Rule 60(b) motion or instead a second or successive §2255 petition filed under the auspices of Rule 60(b). *United States v. McCalister,* 453 Fed.Appx. 776, 778 (10th Cir.2011). A postjudgment motion filed in a habeas or §2255 proceeding is truly a Rule 60(b) motion if it: (1) challenges only a procedural ruling which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the habeas proceeding, provided that such a

challenge does not itself lead to a merits-based attack on the disposition of a prior habeas petition. *Id.*

By contrast, a Rule 60(b) motion is a second or successive habeas petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. *Id.* This court concludes that a portion of the present motion asserts ineffective assistance of counsel. This portion states a federal basis for relief from petitioner's underlying federal conviction and is therefore properly construed as a §2255 motion. Petitioner must obtain prior authorization from the Tenth Circuit Court of Appeals before filing a second or successive petition in the district court. *See* 28 U.S.C. §2244(b).[*]

The Tenth Circuit holds that "[w]hen a second or successive §2254 or §2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines in the interest of justice to do so under §1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir.2008). The court has considered the factors cited in *Cline*. *Id.* at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a §1631 transfer, a district court does not abuse its discretion if it concludes it is not in the

---

[*]Additionally, the court finds the motion untimely, filed more than seven years after the previous Tenth Circuit ruling. To the extent petitioner argues that the underlying judgment is void under Rule 60(b)(4), there is no time limit because a void judgment is a nullity from the outset. *See Calcari v. Ortiz*, 2012 WL 400166, *2 (D.Colo.2012). As in that case, however, this court finds any argument that the judgment is void to be meritless and that to the extent relief is sought pursuant to subsections of Rule 60(b) other than subsection (4), the motion is untimely.

interest of justice to transfer the matter to this court for authorization." *Id.* at 1252. This court will dismiss that portion of the motion.

The motion also asserts that the court erred in its waiver analysis, and violated the rules governing habeas petitions. This portion could be construed as a "true" 60(b) motion because it challenges a procedural ruling that precluded a determination of a habeas petition on the merits. As previously stated, however, this court's ruling has effectively been upheld by the Tenth Circuit. Accordingly, the defendant is simply asking the court "to reopen a collateral attack to which he is not entitled by virtue of his waiver." *United States v. Gillespie,* 2009 WL 1010353, *2 (D.Kan.2009)(quotation omitted).[**] This portion of the motion shall be denied as meritless.

It is the order of the court that the motion of the petitioner to vacate under Rule 60 (#24) is denied. To the extent the motion constitutes a second or successive §2255 motion, those claims are dismissed because the court lacks jurisdiction to consider them and declines to transfer them to the appellate court.

**ORDERED THIS 20th DAY OF MAY, 2014.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[**]In this court's order (#12) denying petitioner's initial §2255 motion, the court upheld the waiver of collateral relief, with the exception of the right to bring a §2255 motion based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.